# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

MIGUEL ANGLE ROBLES, JR.,

          Plaintiff,

     -vs-                             Case No. 12-CV-843

CITY OF WAUKESHA, LUKAS HALLMARK,
OFFICER ESSER, and OFFICER TODD HIGGINS,

          Defendants.

## SCREENING ORDER

The plaintiff, Miguel Angel Robles, Jr., who is incarcerated at Jackson Correctional Institution, filed a pro se complaint under 42 U.S.C. § 1983. This matter comes before the court on the plaintiff's petition to proceed in forma pauperis. He has been assessed and paid an initial partial filing fee of $5.23.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in

fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to

2

relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Vill. of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's pro se allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

The plaintiff was a City of Waukesha, Wisconsin, resident at all times relevant. The defendants are the City of Waukesha and City of Waukesha Police Department Officers Lukas Hallmark, Officer Esser, and Todd Higgins.

According to the complaint, on October 13, 2010, defendant Hallmark pulled over the vehicle the plaintiff was driving in the City of Waukesha. There were two other

3

passengers in the vehicle. Defendant Hallmark told the plaintiff his registration was suspended. The plaintiff provided his valid drivers license to defendant Hallmark, who confirmed it was valid. Defendant Hallmark then ran the other two vehicle occupants' names and when he returned to the vehicle stated that one of them, Luis Miguel Dominguez, had a warrant for his arrest. However, Mr. Dominguez did not have a warrant for his arrest on October 13, 2010. Defendant Hallmark arrested Mr. Dominguez and placed him in the squad car. Next, defendant Hallmark radioed defendants Esser and Higgins for assistance. Defendant Hallmark performed sobriety tests on the plaintiff and the third vehicle occupant, Ryan Gullickson, and both passed the test. Both men were seated on the curb outside the vehicle.

Defendants Hallmark, Esser, and Higgins asked the plaintiff if there was anything illegal in the vehicle, and the plaintiff responded no. They asked the plaintiff if they could search the vehicle and he responded no. Defendant Hallmark called the City of Waukesha and the City of New Berlin K-9 units, but both were unavailable. The three defendant police officers again sought the plaintiff's permission to search the vehicle and he against responded no, explaining that he was asserting his Fourth Amendment right and also that the vehicle's owner, Felicia Juarez, instructed him not to let police offers search it the vehicle if he was pulled over. Defendant Hallmark then called Felicia Juarez and asked if she would consent to a search of the vehicle and she said no.

Next, defendants Hallmark, Esser, and Higgins searched the vehicle. After

4

searching the vehicle, defendants Esser and Hallmark arrested the plaintiff. They searched him and found $1,540.00. The three vehicle occupants were transported to the Waukesha Police Department. Defendants Hallmark, Esser, and Higgins questioned Mr. Gullickson and Mr. Dominguez. Mr. Dominguez was released as he did not have a pending warrant. The plaintiff, who was not read his "Miranda rights," was transferred to the Waukesha County Jail. The next day, prior to his scheduled court appearance, he was released and all charges were dismissed. His cellular telephone and $1,540.00 were confiscated.

The plaintiff claims that defendant City of Waukesha fails to properly train its police officers about conducting warrantless and unauthorized vehicle searches, in violation of the Fourth Amendment. He also claims that defendants Hallmark, Esser, and Higgins conducted an unauthorized and warrantless search of his vehicle and person, in violation of the Fourth Amendment. He seeks declaratory, injunctive, and monetary relief.

The plaintiff's allegations against defendants Hallmark, Esser, and Higgins implicate his rights under the Fourth Amendment to the United States Constitution. He may also proceed on a failure to train theory against the City of Waukesha at this early stage of the proceedings. *See Canton v. Harris*, 489 U.S. 378 (1989).

**IT IS THEREFORE ORDERED** that the plaintiff's motion for leave to proceed in forma pauperis (Docket #2) be and hereby is **GRANTED**.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the complaint, the summons, and this order upon the defendants pursuant to Federal

5

Case 2:12-cv-00843-RTR   Filed 10/04/12   Page 5 of 8   Document 8

Rule of Civil Procedure 4. The plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). Although Congress requires the court to order service by the U.S. Marshals Service precisely because in forma pauperis plaintiffs are indigent, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service.

**IT IS ALSO ORDERED** that the defendants shall file a responsive pleading to the complaint.

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the $344.77 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS ALSO ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

**IT IS FURTHER ORDERED** that the plaintiff shall submit all correspondence and legal material to:

>Honorable Rudolph T. Randa
>% Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

The plaintiff is notified that from now on, he is required under Federal Rule of Civil Procedure 5(a) to send a copy of every paper or document filed with the court to the opposing party or, if the opposing party is represented by counsel, to counsel for that party. Fed. R. Civ. P. 5(b). The plaintiff should also retain a personal copy of each document. If the plaintiff does not have access to a photocopy machine, he may send out identical handwritten or typed copies of any documents. The court may disregard any papers or documents which do not indicate that a copy has been sent to the opposing party or that party's attorney, if the party is represented by an attorney.

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 4th day of October, 2012.

**SO ORDERED,**

**HON. RUDOLPH T. RANDA**
**U. S. District Judge**

8

Case 2:12-cv-00843-RTR   Filed 10/04/12   Page 8 of 8   Document 8