# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

MIGUEL ANGEL ROBLES, JR.,

        Plaintiff,

        -vs-                                      Case No. 12-CV-843

CITY OF WAUKESHA, LUKAS HALLMARK,
OFFICER ESSER, and OFFICER TODD HIGGINS,

        Defendants.

## ORDER

        The plaintiff, Miguel Angel Robles, Jr., a Wisconsin state prisoner, filed this pro se civil rights action pursuant to 42 U.S.C. § 1983. He is proceeding *in forma pauperis* on a Fourth Amendment claim against defendants Hallmark, Esser, and Higgins based on allegations they conducted an unauthorized and warrantless search of him and his vehicle. The plaintiff is also proceeding on a failure to train claim against defendant City of Waukesha. The plaintiff has filed several motions, which will be addressed herein.

<u>Motions to Appoint Counsel</u>

        The plaintiff has filed two motions to appoint counsel (Docket ## 22, 45). He asserts that his imprisonment will limit his ability to litigate this case and that he will fare better at trial with an attorney. The plaintiff further states that he has attempted to find an attorney by contacting one attorney. In his later filed motion, the plaintiff asserts that he was

scheduled for a deposition on January 9, 2013, and needs legal representation for that proceeding.

Although civil litigants do not have a constitutional or statutory right to appointed counsel, the court has the discretion to request attorneys to represent indigents in appropriate cases pursuant to 28 U.S.C. § 1915(e)(1). *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007); *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997) (citing *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995)). As a threshold matter, litigants must make a reasonable attempt to secure private counsel on their own. *Pruitt*, 503 F.3d at 654; *Zarnes*, 64 F.3d at 288. Once this threshold burden has been met, the court must address the following question: given the difficulty of the case, does this plaintiff appear competent to try the case himself and, if not, would the presence of counsel likely make a difference in the outcome of the case. *Pruitt*, 503 F.3d at 654-655 (citing *Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993)).

In this case, the plaintiff has not made a reasonable attempt to find an attorney on his own by contacting one attorney. He should contact a minimum of three more attorneys and provide the court with the names and addresses of counsel he has contacted. Moreover, even if the plaintiff had satisfied the threshold requirement, the issues in this case appear at this stage to be straightforward and uncomplicated. The plaintiff's filings indicate that he is capable of litigating this case himself at this time. Accordingly, his motions for appointment of counsel will be denied.

Discovery Motions

The plaintiff has filed a motion for discovery in which he seeks from the defendants documents pertinent to this matter (Docket #34). In response, defendants City of Waukesha, Hallmark, and Esser state that they will construe the motion as a request for production of documents. Defendant Higgins, who is represented by separate counsel, contends that there is a moratorium on discovery until the parties have conferred, as required by Federal Rule of Civil Procedure 26(f).

As an initial matter, there is not a moratorium on discovery. Rule 26(f) does not apply to this case because this case is exempt from initial disclosures under Rule 26(a)(1)(A).

The plaintiff is advised that the way to obtain information during the course of this action is to make discovery requests of the defendants and not from the court. Rules 26 through 37 of the Federal Rules of Civil Procedure describe the various ways in which a party can seek discovery. The plaintiff is advised that he should send his discovery requests to the appropriate defendant's attorney.

The court only becomes involved in the discovery process if a party fails to respond to interrogatories or requests for production of documents. Then, the other party may file a motion to compel discovery with the court, but only after conferring or attempting to confer with the party failing to make disclosure or discovery in an effort to obtain it without court action. Such an attempt to resolve discovery disputes between parties is required before

3

filing a motion to compel discovery. The motion should describe these efforts. *See* Fed. R. Civ. P 37(a); Civil L. R. 37 (E.D. Wis.).

The plaintiff filed a another motion for discovery on December 26, 2012, in which he seeks a court order to produce documents (Docket #46). He asserts that he requested relevant documents from the Waukesha County District Attorney's Office, the Waukesha County Criminal and Traffic Division, and the Waukesha Police Department. However, as set forth above, the plaintiff should direct his discovery requests to the appropriate attorney for the defendants.

## Additional Motions

The plaintiff has filed a motion for extension of time to respond to the defendants' answers (Docket #33). However, he is not required to file a response and his motion will be denied as moot.

On December 10, 2012, the plaintiff filed a motion for extension of time to file an amended complaint (Docket #36). He has not filed a proposed amended complaint. The Local Rules provide in relevant part that, "[a]ny amendment to a pleading, whether filed as a matter of course or upon a motion to amend, must reproduce the entire pleading as amended, and may not incorporate any prior pleading by reference." Civil L. R. 15(a) (E.D. Wis.). The plaintiff may file a proposed amended complaint in compliance with this rule on or before February 11, 2013. If he does, the court will screen the proposed amended complaint pursuant to 28 U.S.C. § 1915A.

**IT IS THEREFORE ORDERED** that the plaintiff's motion to appoint counsel (Docket #22) is **denied**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for extension of time (Docket #33) is **denied as moot**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for discovery (Docket #34) is **denied**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for extension of time to file an amended complaint (Docket #36) is **granted**. The plaintiff may file a proposed amended complaint as described herein on or before **February 11, 2013.** If the plaintiff files a timely, comprehensive proposed amended complaint, the court will screen the pleading pursuant to 28 U.S.C. § 1915A.

**IT IS FURTHER ORDERED** that the plaintiff's second motion to appoint counsel (Docket #45) is **denied**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for order (Docket #46) is **denied**.

Dated at Milwaukee, Wisconsin, this 11th day of January, 2013.

**SO ORDERED,**

*Rudolph T. Randa*
**HON. RUDOLPH T. RANDA**
**U. S. District Judge**