UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MIGUEL ANGEL ROBLES, JR.,

    Plaintiff,

v.                                  Case No. 12-cv-0843-bhl

CITY OF WAUKESHA,
OFFICER LUKAS HALLMARK,
OFFICER BRADY T. ESSER,
OFFICER TODD HIGGINS, and
CITY OF BROOKFIELD,

    Defendants.

## ORDER

Plaintiff Miguel Angel Robles, Jr., who is currently confined at the Waukesha County Jail, filed a *pro se* civil rights complaint on August 20, 2012, when he was confined at the Jackson Correctional Institution. The defendants filed motions for summary judgment and on August 27, 2013, after Robles failed to timely respond to the summary judgment motions, United States District Judge Rudolph T. Randa ordered that this case would be dismissed with prejudice for lack of prosecution effective September 23, 2013, unless prior to that date Robles filed a response or established just cause for his failure to do so. ECF No. 87. Judgment was entered dismissing this case with prejudice on September 24, 2013. ECF No. 89. On September 29, 2021, Robles filed a letter stating that there must have been a mistake because his case should have been dismissed without prejudice. ECF No. 102. According to Robles, he is confused because the Court had granted his request to put the case on hold because he had bootcamp and E.R.P. *Id.* He says he would like to go to trial, and he asks the Court to address this issue. *Id.* This case was reassigned to this Court to address Robles' filing.

Robles does not cite a rule in support of his request. Federal Rule of Civil Procedure 60(b) allows a court grant relief from a final judgment for the following reasons:

    (1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

A motion under 60(b) must be made within a "reasonable time" and, for reasons (1), (2), and (3), no more than a year after the entry of judgment. Fed. R. Civ. P. 60(c)(1).

While Robles states that he believes the Court made a mistake in dismissing his case with prejudice, the Court had the discretion to dismiss the case with or without prejudice and it provided Robles ample warning that the case would be dismissed with prejudice if he failed to respond or establish just cause for his failure to do so. Even if the Court had made a mistake in dismissing the case with prejudice, Robles filed his letter eight years after his case was dismissed, which is well beyond the one-year limit to bring motions based on mistake under Rule 60(b)(1). Finally, the subsection (b)(6) "any other reason" "catch-all category is limited to 'extraordinary circumstances . . . .'" *Mendez v. Republic Bank*, 725 F.3d 651, 657 (7th Cir. 2013) (quoting *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863-64 (1988)). Robles has not presented such extraordinary circumstances. The Court will deny Robles' request for relief to the extent that it is a motion for relief from judgment under Rule 60(b).

**THEREFORE, IT IS ORDERED** that the plaintiff's motion for reconsideration (ECF No. 102) is **DENIED**.

Dated at Milwaukee, Wisconsin on October 5, 2021.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge